DENNIS B. HILL  (CA 218131) (TX 24118204)
D.B. HILL, A PROFESSIONAL LAW CORPORATION
640 Fifth Street, Suite 200
Lincoln, California 95648
Tel: (916) 434-2553
Fax: (916) 434-2560

Attorneys for Plaintiff ROBERT L. JONES

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. JONES | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| | (Compensatory Damages) |
| vs. | 1. Federal Tort Claims Act; Professional Negligence |
| ANDREW CHEN D.D.S., AMPLA HEALTH OROVILLE MEDICAL & DENTAL, THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and THE UNITED STATES OF AMERICA, | **DEMAND FOR JURY TRIAL** |
| Defendants.                         / | |

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff ROBERT L. JONES ("Jones"), an individual, was and is at all relevant times mentioned herein a citizen of Oroville, in the State of California.

2.      At all relevant times, defendant ANDREW CHEN D.D.S ("Dr. Chen") was and is a dentist licensed to practice dentistry in the State of California.  At all relevant times to this lawsuit, Dr. Chen was an employee of defendant AMPLA HEALTH OROVILLE

MEDICAL & DENTAL ("Ampla Health") and was engaged in the course and scope of such employment when performing the acts plaintiff alleges forms the basis of his claim.

3.      At all relevant times, defendant Ampla Health was and is a California corporation licensed to conduct business in the State of California, and is the employer of Dr. Chen. Plaintiff is informed and believes that Ampla Health owns and/or operates the Oroville Medical & Dental clinic as a federally funded clinic covered under The Federal Tort Claims Act ("FTCA").  Plaintiff is further informed and believes that Ampla Health and/or Dr. Chen are considered federal employees of THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and/or THE UNITED STATES OF AMERICA, and were acting withing the course and scope of such employment and/or agency when performing the acts plaintiff alleges forms the basis of his claim.

4.      Jurisdiction is proper in this Court pursuant to 42 U.S.C. sections 201 & 233(g)(k) which provides that the Federal Tort Claims Act is the exclusive remedy for injuries caused by employees of a deemed community health center.  Plaintiff submitted a written claim for his injuries to the United States Department of Health & Human Services at Office of General Counsel in Washington D.C. on September 18, 2019.  A true and correct copy of the claim is attached hereto and incorporated herein by reference as Exhibit "A."  THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES denied plaintiff's claim on February 24, 2020, and therefore plaintiff files this action.  A true and correct copy of the claim denial is attached hereto and incorporated herein by reference as Exhibit "B."

5.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. section 1391(b).

## FIRST CAUSE OF ACTION

### (Professional Negligence/Medical Malpractice)

6.      Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

7.      At all relevant times, defendants, and each of them, were the agents and

employees of each of the other defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.

8.     At all relevant times hereto, Ampla Health operated a health clinic and employed Dr. Chen.  Dr. Chen treated Mr. Jones as a dentist.

9.     In or around November 28, 2018, Dr. Chen prescribed saw plaintiff for a tooth ache (tooth #31).  Dr. Chen examined Mr. Jones, diagnosed him with an abscessed non-restorable root, and decided to extract the tooth.  Dr. Chen performed a surgical extraction of the tooth, but failed to prescribe and/or provide antibiotics before or after the extraction.  Dr. Chen also failed to advise Mr. Jones that he required antibiotics.  Dr. Chen thus fell below the applicable standard of care in his medical treatment of Mr. Jones, thereby proximately causing Mr. Jones to have a severe infection.  Mr. Jones was hospitalized, underwent surgery for a tracheotomy, and incurred medical costs. The injuries he sustained has affected Mr. Jone's ability to speak and taste.

10.     Dr. Chen failed to exercise the degree of knowledge and skill proper in his profession and so negligently and unskillfully performed during the course and scope of plaintiff's dental care and treatment pertaining to the removal of plaintiff's tooth and its aftercare.  Dr. Chen did not monitor Mr. Jones for an infection, knowing that he initially presented with an abscessed tooth, and failed to prescribe or provide Mr. Jones with antibiotics, failed to advise Mr. Jones that he should take antibiotics, and failed to provide Mr. Jones with adequate medical counseling, disclosure and consent concerning the risks of treatment, including infection.  Had Dr. Chen met the standard of care for a treating dentist under the described circumstances, Mr. Jones would not have suffered the serious infection injuries that he did.

11.     Defendants so tortiously and negligently managed their persons, property and business in such a fashion which breached duties of professional standards and care owed to plaintiff and thereby proximately caused actual loss, injury, general and special damages to plaintiff.

12.     Defendants negligence includes, but is not limited to, the following acts: defendants failed to (a) prescribe or provide medication/antibiotics prior to the surgery; (b) prescribe or provide appropriate medication/antibiotics after the surgery; (c) monitor and provide follow-up care to plaintiff, (d) obtain plaintiffs informed consent for the medical treatment, and (e) otherwise provide health care that meets the degree of knowledge and skill proper in dental care for a person under the circumstances presented by plaintiff.

13.     As a direct, proximate, immediate and foreseeable result of the professional negligence of these defendants, plaintiff was injured and suffered grievous and permanent injuries to his physical, mental, emotional, and nervous systems, including, inter alia, injuries to his face, mouth, jaw, neck and other parts of his mind and body resulting in pain and suffering, disability, mental anguish, mental impairment, loss of capacity for the enjoyment of life, and medical expenses.  Plaintiff was forced to hire physicians and medical facilities to provide medical care for the injuries proximately caused by defendants.  Plaintiff's damages exceed the minimum jurisdiction of this Court, in an amount of at least $920,823.00 to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants as follows:

A.  For general damages according to proof;

B.  For special damages according to proof;

C.  For emotional distress damages according to proof;

D.  For prejudgment interest in accordance with the applicable law (California Code of Civil Procedure section 685.010(a); California Civil Code section 3291);

E.  For costs of suit herein; and

F.  For such other and further relief as the Court may deem just and proper.

// //

// //

Dated this April 30, 2020

_____
Dennis B. Hill, Attorney for Plaintiff
ROBERT L. JONES

# EXHIBIT "A"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse.) Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Health and Human Services (ATTN: Claims) 330 C Street, SW Switzer Building, Suite 2600 Washington, DC 20201 | Robert L. Jones C/O Dennis B. Hill, Esq. D.B. Hill, A Professional Law Corporation 640 Fifth St., Ste. 200, Lincoln, California 95648 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY  ☐ CIVILIAN | xx/xx/19xx | unmarried | 11/28/2018 | Wednesday | 10:00 a.m. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Claimant was seen at Ampla Health Oroville Medical & Dental ("Ampla Health") for a tooth ache (tooth #31). Dr. Andrew Chen examined Mr. Jones, diagnosed him with an abscessed non-restorable root, and decided to extract the tooth. Dr. Chen performed a surgical extraction of the tooth, but failed to prescribe and/or provide antibiotics before or after the extraction. Dr. Chen and Ampla Health fell below the applicable standard of care in their medical treatment of Mr. Jones, thereby proximately causing a severe infection. Mr. Jones was hospitalized, underwent surgery for a tracheotomy, and incurred medical costs.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Claimant's jaw became severely infected because Dr. Chen and Ampla Health did not provide/prescribe antibiotics. Mr. Jones' infection was so severe he had surgical intervention to place a tracheotomy in his throat to allow him to breath. The injuries he sustained has affected his ability to speak and he continues to get speech therapy.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Ricky Fernandez | 4977 Virginia Ave., Oroville, CA 95966 | |

| 12. (See instructions on reverse). | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| Not Applicable | 920,823.00 | Not Applicable | 920,823.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Robert L. Jones* | 916-434-2553 | 9-18-19 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction Previous Edition is not Usable 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

| 15. Do you carry accident insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No |
|---|

| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No | 17. If deductible, state amount. |
|---|---|

| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). |
|---|

| 19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No |
|---|

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is *solely* for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

EXHIBIT "B"



## DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel
General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2100
Washington, D.C. 20201

FEB 2 4 2020

**U. S. MAIL CERTIFIED - RETURN RECEIPT REQUESTED**
(Article No. 7019 1120 0001 7113 6567)

Dennis B. Hill, Esq.
D.B. Hill, PLC
640 Fifth Street, Suite 200
Lincoln, California 95648-1864

**Re: Administrative Tort Claim of Robert L. Jones, Claim No. 2019-0768**

Dear Mr. Hill:

On September 23, 2019, on behalf of your client, Robert L. Jones, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(a), 2401(b), 2671-80, alleging, *inter alia*, that, on November 28, 2018, Dr. Andrew Chen committed dental malpractice by failing to prescribe antibiotics to Mr. Jones after a dental appointment at Ampla Health Oroville Medical and Dental in Oroville, California, which caused Mr. Jones to develop an infection, which required hospitalization.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia,* injury or death caused by the negligent, or wrongful, act or omission of any employees of the Federal Government, while acting within the scope of employment. Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of your client's administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a). The administrative tort claim of Robert L. Jones is denied. The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.

If your client is dissatisfied with this determination, he is entitled to:

1.    file a written request with the Agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

Dennis B. Hill, Esq.
Subj:   Claim No. 2019-0768
Pg. 2

    2.    file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your client request reconsideration, the Agency will review the claim within six (6) months from the date the request is received.   If the reconsidered claim is denied, your client may file suit within six (6) months from the date of mailing of the final determination.

Sincerely,

*Jennifer B. Smith (by jca)*

Jennifer B. Smith
Acting Deputy Associate General Counsel
Claims and Employment Law Branch